## ROBINSON v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 7, 1905.)

**1. STREET RAILROADS—SPEED OF CARS—ORDINANCES—APPLICABILITY.**

An ordinance declaring it unlawful for any cart, wagon, or other vehicle used to carry passengers to be driven through the streets at a greater than specified speed is not applicable to street surface cars operated by electricity.

**2. DAMAGES—PERMANENT INJURIES—SUFFICIENCY OF EVIDENCE.**

In an action for personal injuries, evidence *held* insufficient to show that there was any permanent injury, such as to authorize an instruction hypothesized on the existence of such an injury.

**3. WITNESSES—FAILURE TO PRODUCE—UNFAVORABLE PRESUMPTION—INSTRUCTIONS.**

A charge that the jury may consider the fact that defendant produced no witnesses is erroneous, in the absence of evidence that defendant had any witnesses which it could produce, and where there is no showing that anybody except the witnesses examined by plaintiff, and a servant of defendant, who is not shown to be available, can testify upon the subject.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 505.]

Appeal from Special Term, New York County.

Action by William H. Robinson against the Metropolitan Street Railway Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Charles F. Brown, for appellant.

Abram I. Elkus, for respondent.

INGRAHAM, J. The plaintiff was engaged in distributing ice in the city of New York on June 25, 1901. He started to drive his ice wagon from a point on the east side of the Bowery nearly opposite Pell street. He testified that he looked up and down the Bowery, saw that everything was clear, and started to drive across; that he got about halfway across, looked up, and saw a car rapidly approaching. Before he could get across the track, his wagon was struck by the car, and he was thrown out and seriously injured. I think there was evidence to justify the submission of the question of the defendant's negligence and the plaintiff's contributory negligence to the jury. Errors were committed upon the trial, however, which require a reversal of the judgment.

After the defendant had rested, counsel for the plaintiff offered in evidence an ordinance of the City of New York which provides that:

"It shall not be lawful for any cart, wagon or other vehicle, used for the purpose of carrying passengers, to be driven through any streets or avenues of the city of New York at a greater speed than at the rate of eight miles an hour."

To this counsel for the defendant objected upon the ground that it did not apply to street surface cars. This objection was overruled, and the defendant excepted. In submitting the case to the jury, the court

charged that there was an ordinance of the common council that it should not be lawful for any cart, wagon, or other vehicle used for the purpose of carrying passengers to be driven through any of the streets and avenues of the city of New York at a greater speed than at the rate of eight miles an hour; that the jury could consider this ordinance in determining the negligence of the man in charge of the car. I think it was error to admit this ordinance in evidence. There is nothing connecting it with street surface cars—nothing to show that it had any relation to cars operated by electricity—and in its terms it speaks of a vehicle to be driven, which certainly would not be applicable to cars where the motor power was electricity.

At the request of the plaintiff the court charged that the jury might award damages for the plaintiff's permanent injury, if they found that the plaintiff had suffered permanent injury. This was excepted to by the defendant. I cannot find that there is any evidence in this case that would justify a finding that there was a permanent injury as a result of this accident. A physician who treated the plaintiff for his injuries testified that he had examined the plaintiff in his office a few days before the trial. He was then asked as to what he then found, which was objected to by the defendant, the objection overruled, and the defendant excepted. He testified that he found that the collar bone had been broken, had healed very nicely, and found the plaintiff in good physical condition. He was asked whether he could tell from his examination whether there was any present effect from the breaking of the plaintiff's ribs, to which he answered, "No. Objectively I found that he breathes very nice now, but still there is a callus on that bone;" that, with reference to the plaintiff's ability to breathe, the witness found that "he took a nice breath," but found that he at the same time had a little pain when he took his breath; that he found nothing else on his physical examination two or three days before. He was then asked, "Can you say with reasonable certainty whether or not this condition as to the shoulder and arm about which you testified is permanent?" The witness answered, "It is in the way that he lost power in the arm." Just what that means is not apparent, as the witness had testified that upon his examination a few days before the trial he found plaintiff in good condition, had testified to no physical impairment, and had not treated him since August, 1901, for anything connected with the accident. Upon cross-examination he testified that upon his examination just before the trial he found that the plaintiff breathed very nicely; that all he found about the ribs was this usual callus where the bones knit; that was all he found on the collar bone; that the plaintiff was a "good, big, husky looking fellow." There was certainly nothing in this evidence to justify an award of damages for any permanent injury as a result of this accident. The defendant had introduced no evidence, but had rested on plaintiff's evidence.

At the request of the plaintiff, the court charged the jury that, "if they find it was within the power of the defendant to call the motorman as a witness, their failure so to do may be considered by the jury." To this counsel for the defendant excepted, and requested the court to charge that the defendant had a right to rest upon the plaintiff's own

case, and that they were not to consider at all the fact that the defendant placed no witness upon the stand, but that they were to determine the case and the issues raised solely on the testimony introduced by the plaintiff. In response to that request, the court said: "I think I shall charge that, since no evidence was submitted by the defendant at all, and since the presence of the motorman is not in any way accounted for. I will charge that, and decline to charge the request you just made." Whereupon counsel for the plaintiff asked the court to charge that in deciding the case they might consider the fact that the defendant produced no witnesses, to which the court said: "Yes. They may consider that, whether I charge them so or not." To which counsel for the defendant excepted. Here the court appears to have been most impartial, as he charged both ways upon the same proposition, but the final result was that the jury were instructed that in deciding the case they could consider the fact that the defendant produced no witnesses. There was not the slightest evidence in the case to show that the defendant had any witnesses that it could produce, that the motorman was in its employ or was available, or that it was able to procure the attendance of any eyewitness to the occurrence. While it is possible, if this instruction had been confined to the defendant's failure to call the motorman, it would not have been objectionable, there was no presumption against the defendant because it had failed to call other witnesses to the occurrence, when it did not appear that anybody except the witnesses examined and the motorman had seen the accident, or could testify upon the subject.

The judgment and order must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.